Reversing.
Alleging that she owned two adjoining lots abutting on Grant and Sherman streets in the city of Fort Thomas, and that during the months of July and August, 1923, the city unlawfully and negligently constructed and installed sewers and drains under and across said streets and on to her lots, and that by reason thereof the surface and underground waters from the surrounding territory were diverted from their natural course and channels and caused to flow in augmented quantities on her property and injure the same, and that since August, 1923, the city had maintained and threatened to continue to maintain said sewers and drains to her damage, Katherine Hewling brought this suit against the city of Fort Thomas to recover damages for the injury to her land and to enjoin the city from maintaining the sewers and drains. In addition to a general denial of the allegations of the petition defendant pleaded that it had never established any sewerage or drainage system, but that the drain complained of was constructed by the Fort Thomas Land *Page 735 
Company in the year 1895 upon private property over which the city had no control, and before the city became a municipality; that plaintiff purchased the property with the drain upon same; that no change had ever been made in the drain; and that the city had never adopted the drain. The affirmative matter in the answer was denied by reply. At the conclusion of plaintiff's evidence the court directed the jury to find for the city. Plaintiff has appealed.
Many years ago the Fort Thomas Land Company laid out a subdivision which was afterwards embraced in the district of Highlands, a taxing district organized under the laws of Kentucky. In 1914 the district of Highlands was organized as the city of Fort Thomas, a city of the sixth class. In 1920 Fort Thomas became a city of the fourth class. The two adjoining lots which Mrs. Hewling now owns were purchased by her in the year 1915. Some time prior to the year 1900, the Fort Thomas Land Company built catch basins and drains in and across Grant street and Sherman avenue. One of these drains extended three or four feet on to the property now owned by Mrs. Hewling. The evidence discloses that when Mrs. Hewling purchased the property the drain was covered up with grass and not functioning. There was also evidence to the effect that between 1903 and 1923 no water flowed through the drain on to her premises. In 1923 the city of Fort Thomas repaired the street work and culvert. The workmen found the drain pipe under the street obstructed by a large rock. They removed the rock, cleaned out the drain and put the drain back in. After that the water flowed through the drain and injured Mrs. Hewling's property.
The city did not defend on the ground that there was an existing easement to which it succeeded upon its incorporation. Its defense is that it never adopted, but merely cleaned out the existing drain. If the evidence had shown that the water had been flowing through the drain for a number of years and that the city merely removed a temporary obstruction, a different case would be presented. As a matter of fact, however, the evidence shows that the drain had been obstructed for about twenty years and that no water flowed through it on to the Hewling premises either before or after her purchase until the obstruction was removed by the city in 1923. If that be true, the city removed a permanent obstruction from a drain that had not been functioning, but had been practically *Page 736 
abandoned by nonuser for at least twenty years, and thereby caused to flow over the Hewling premises a large volume of water which had been flowing in another direction. Hence, the case disclosed by the evidence is not one where the city left the drainage as it was, but one where no injury would have resulted had it not been by the affirmative and independent action taken by the city. We are therefore constrained to hold that the evidence was sufficient to make the city's liability a question for the jury.
Judgment reversed and cause remanded for a new trial consistent with this opinion.